UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEPHANIE BRANTLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV2184 HEA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's application.

**Facts and Background**

Plaintiff was 39 years old at the time of the hearing. She received her GED

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

in 1996. The ALJ found Plaintiff had the severe impairments of: obesity, autoimmune hepatitis with cirrhosis of the liver and diabetes mellitus. At the March 3, 2010 hearing, Plaintiff testified that she is married and lives with her two children in a ranch type house. Plaintiff testified that because of her autoimmune hepatitis of the liver, her spleen is enlarged. It causes swelling of her hands, feet and legs. She also has back pain, which she classifies as an eight on a ten point scale. Plaintiff testified that her back pain is likely due to her weight, and the weight gain is likely due to taking prednisone. Plaintiff has not attempted to join any weight loss programs because she has no money. Plaintiff testified she takes prednisone, and injects herself with insulin daily. She has shortness of breath and lower abdominal pain. Plaintiff classified this pain as about a six or seven on a ten point scale. Plaintiff takes Azathioprine for her liver enzymes. Plaintiff also takes Salep. Further, Plaintiff testified that her medication causes her skin to break out and causes swelling in her hands and feet. Plaintiff testified that she smokes three to four cigarettes daily and that she has been advised by her doctor to quit smoking. Plaintiff does not drive and she has blurred vision because of her diabetes. Plaintiff pays her bills, can use a checkbook, count change, make the beds, change the sheets, iron, and vacuum. Plaintiff prepares meals for her family. Plaintiff reads, goes to the grocery store, can walk about 10 to 15 minutes before having to stop to rest. Plaintiff can stand about 15-20 minutes; she can sit for

about 30 minutes or less. She does no lifting, with the exception of possibly lifting a gallon of milk at the grocery store. Plaintiff has bouts of diarrhea, and must use the bathroom three, four or maybe five times per day during an episode. Plaintiff also testified she is tired all day every day. She typically spends 60 per cent of her day resting, Plaintiff also testified she has throat pain and a lot of pain in her chest. Plaintiff has to vomit some days and has trouble sleeping.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. and XVI , 1381, *et seq*. was denied on January 23, 2009. Plaintiff appeared and testified before ALJ Victor L. Horton on March 3, 2010. On April 22, 2010, the ALJ issued an unfavorable decision. On October 27, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738

(8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id*.; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

### ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since September 1, 2005, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: obesity, autoimmune hepatitis with cirrhosis of the liver and diabetes mellitus, . At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a),except that Plaintiff must have a sit or stand option at the work site with the ability to change positions frequently; can occasionally climb stairs and ramps, stoop, kneel, or crouch, but she can never crawl, climb ropes, ladders, or scaffolds. At Step Four, the ALJ determined that Plaintiff was capable of performing past

relevant work as a customer service representative and wireless operator. Because Plaintiff was determined to be capable of performing past relevant work, the ALJ determined Plaintiff had not been under a disability as defined in the Act.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL"s decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ failed to properly consider 20 CFR Part 404, Subpart P, Appendix 1, Listing of Impairments; (2) the Residual Functional Capacity (RFC) used by the ALJ at the Hearing is different from the RFC in the Hearing Decision; (3) the ALJ failed to properly consider obesity; (4) the ALJ failed to properly consider credibility; and (5) the hearing decision failed to properly consider RFC.

**Listing of Impairments**

Plaintiff argues that she met Listing § 505(F), the Listing for chronic liver disease. Listing § 5.05(F) provides for disability due to hepatic encephalopathy resulting in abnormal behavior, cognitive dysfunction, changes in mental status, or an altered state of consciousness. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 5.05(F). As Defendant correctly argues, the record contains no evidence describing

the medical findings necessary to meet § 505(F), however, the Court will assume, as did Defendant, that Plaintiff intended to argue that she met Listing § 505(B), chronic liver disease, with:

> B. Ascites or hydrothorax not attributable to other causes, despite continuing treatment as prescribed, present on at least 2 evaluations at least 60 days apart within a consecutive 6-month period. Each evaluation must be documented by:
>
> 1. Paracentesis or thoracentesis; or
> 2. Appropriate medically acceptable imaging or physical examination and one of the following:
>
> a. Serum albumin of 3.0 g/dL or less; or
> b. International Normalized Ratio (INR) of at least 1.5.

"The claimant bears the burden of demonstrating that his impairment matches all the specified criteria of a listing. *See Steed v. Astrue,* 524 F.3d 872, 874 n. 3 (8th Cir.2008) ('Through step four of [disability] analysis, the claimant has the burden of showing that she is disabled.'). *McDade v. Astrue*, 2013 WL 3868115, 5 (8th Cir. July 29, 2013). Plaintiff cannot satisfy this burden.

The record shows Plaintiff has "minimal" to "small" ascites when she was hospitalized in November, 2009. Nothing in the medical record demonstrates that Plaintiff experienced ascites persisting for more than 60 days, before or after her hospitalization. The January, 2008 Abdominal monogram was normal and a CT scan of Plaintiff's abdomen in July, 2008 did not reveal ascites.

**RFC to Perform Past Work**

Plaintiff argues that the ALJ specifically left out the sit/stand option in his hypothetical, however, in the decision, he included the sit/stand option at work, and thus, she argues that the ALJ relied on an improper hypothetical question. The ALJ pose two hypothetical question to the vocational expert, one with the option and one without. The VE testified that a person with a sit/stand option, as well as one without the option could perform Plaintiff's past work as a clerk and telephone operator and a customer service representative and telephone operator, respectively. The ALJ's RFC determination is supported by substantial evidence.

**Obesity**

Plaintiff argues that the ALJ did not properly consider the effects of Plaintiff's obesity. Quite the contrary. The ALJ found obesity to be a severe impairment. He repeatedly cited Plaintiff's weight and diagnosis of obesity in his discussion of her RFC. The ALJ determined that due to the combination of Plaintiff's impairments, including obesity, she was limited to sedentary work that provided the sit/stand option with the ability to change positions frequently.

**Credibility of Plaintiff's Subjective Complaints**

Plaintiff urges reversal based on her view that the ALJ minimized the side effects of her medication when evaluating Plaintiff's subjective complaints.

However, a careful reading of the opinion clearly establishes that the ALJ considered Plaintiff's weight gain as a side effect of the prednisone. Plaintiff's complaints of dizziness and nausea were not consistently reported in the record. Plaintiff's complaints of nausea were more attributable to factors other than side effects from medication.

The ALJ considered Plaintiff's work record and her daily activities in considering her credibility. Likewise, the ALJ considered Plaintiff's failure to quit smoking, which could be the cause of her shortness of breath.

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471

F.3d 902, 907 (8th Cir.2006).

The ALJ provided good reasons supported by substantial evidence. The ALJ noted Plaintiff was not unduly restricted in her daily activities, which included the ability to perform some cooking, shop for groceries, make the beds, change the sheets, iron, and vacuum. Because the ALJ properly applied *Polaski* and provided valid reasons for discounting Plaintiff's testimony, the Court finds the ALJ did not err in discounting the most severe subjective complaints of pain. *McDade*, 2013 WL 3868115, 1-4.

**Medical Opinions**.

Plaintiff also argues the ALJ gave inadequate weight to the medical opinion of Dr. Lisker-Melman. The Court disagree and finds the ALJ properly weighed this opinion. The ALJ found significant the fact that, although Dr. Lisker-Melman stated that Plaintiff's impairments would limit her to only halftime work, he did not provide any basis for this conclusion. Moreover, Plaintiff's physicians did not limit her activites, rather, they encouraged her to exercise. The ALJ considered this advice in making his determination.

After careful review, the Court find the ALJ's decision to discount Dr. Lisker-Melman's conclusions was appropriate. Dr. Lisker-Melman's opinion regarding Plaintiff's ability to only work halftime is conclusory, and he fails to

explain why he reached this conclusion. See *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir.2008) ("[A] treating physician's opinion does not deserve controlling weight when it is nothing more than a conclusory statement."). *McDade*, 2013 WL 3868115, 1-4.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 2nd day of August, 2013.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**